UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARVIS BROWN, Plaintiff | CIVIL DOCKET NO. 1:19-CV-600-P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Jarvis Brown ("Brown") (#710737). Brown is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the David Wade Correctional Center in Homer, Louisiana. Brown alleges that he was subjected to excessive force while incarcerated at the Raymond Laborde Correctional Center.

Because Brown must allege additional facts to support his § 1983 claim, Brown should AMEND his Complaint (Docs. 1, 13).

## I. Background

Brown alleges that he was "maced by Capt. Easterling for prohibited behavior against another offender and was ordered to come to the bars to be restrained." (Doc. 1, p. 4). Brown alleges that, after he was restrained, Colonel Bonnette sprayed him with chemical spray over five times. (Doc. 13, p. 3). Brown allegedly requested emergency medical treatment, but was threatened by Lt. Duplechain and only provided with eye solution to rinse his eyes. (Doc. 1, p. 4).

## II. Instructions to Amend

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'" Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). The Supreme Court has recognized that the Eighth Amendment includes an "objective component"—in considering a prisoner's claim, the court must ask "if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. at 8 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Not every "malevolent touch by a prison guard gives rise to a federal cause of action." Id. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9–10 (quoting Whitley, 475 U.S. at 327).

Brown alleges that Captain Easterling utilized chemical agent prior to Brown's restraint, and only Colonel Bonnette used chemical spray while Brown was restrained. (Doc. 13, p. 3). Brown presents no factual allegations against Warden McCain or James LeBlanc. (Doc. 13, p. 3). Additionally, Brown does not allege a physical injury suffered from the lack of emergency medical care.

Brown shall amend his Complaint (Docs. 1, 13) and state:

(1) the name(s) of each person who allegedly violated his constitutional rights;

(2) a description of what actually occurred and what each defendant did to violate his rights; and

(3) a description of the injury sustained as a result of each alleged violation.

2

Brown should also state whether he received a disciplinary conviction related to the incident, and if he lost any good time. If so, Brown shall provide a copy of the conviction. Finally, Brown shall provide a copy of any responses he received to administrative remedies regarding the incident.

III. Conclusion

Because Brown must allege additional facts to support his § 1983 claim, IT IS ORDERED that Brown AMEND his Complaint (Docs. 1, 13) within thirty (30) days of the filing of this Order to provide the information outlined above, or dismissal of this action will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  19th  day of July 2019.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE