UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARVIS BROWN, Plaintiff | CIVIL DOCKET NO. 1:19-CV-600-P |
| VERSUS | JUDGE DRELL |
| JAMES LEBLANC, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Jarvis Brown ("Brown") (#710737). Brown is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Brown alleges that he was subjected to excessive force while incarcerated at the Raymond Laborde Correctional Center.

Because Brown fails to state a claim against Defendants LeBlanc, McCain, and Duplechain, the claims against them should be be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Brown alleges that "an incident arose" between himself and another offender during which Brown threw feces on the offender. (Doc. 24-1, p. 12). Captain Easterling responded to the incident and ordered Brown to approach the tier bars to be restrained. (Doc. 24-1, p. 6). Brown did not comply because he was afraid that Captain Easterling would use unnecessary or excessive force. (Doc. 24-1, p. 6). Brown

alleges that Captain Easterling sprayed Brown with Mace, and then Brown complied. (Doc. 24-1, p. 6). Brown alleges that, after he was restrained, Colonel Bonnette sprayed him with Mace over five times, and Captain Easterling watched. (Doc. 13, p. 3). Brown allegedly requested emergency medical treatment, but Lt. Duplechain only provided him with eye solution to rinse his eyes. (Doc. 1, p. 4).

Brown received disciplinary reports for defiance, aggravated disobedience, aggravated fighting, and unsanitary practices. (Doc. 24-1, p. 16). Brown alleges that he lost good time as a result of a disciplinary conviction, but he does not know which of the disciplinary convictions resulted in the loss of good time. (Doc. 24-1, p. 15).

## II. Law and Analysis

### A. Brown's Complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Brown is a prisoner who has been allowed to proceed in forma pauperis. Title 28 U.S.C. § 1915A provides for the preliminary screening of lawsuits filed by prisoners seeking redress from an officer or employee of a governmental entity. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003). Because Brown is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B.  Brown fails to state a medical care claim against Lt. Duplechain.

Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with "deliberate indifference" to the serious medical needs of prisoners. See Farmer v. Brennan, 511 U.S. 825, 834, (1994); Estelle v. Gamble, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." Domino v. Tex. Dep't Crim. J., 239 F.3d 752, 756 (5th Cir. 2001) (quoting Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Brown claims that Defendant Duplechain denied Brown adequate medical care by only providing Brown with eye rinse solution to wash his eyes. Brown does not specify what additional medical care he believes he should have received. Brown clearly disagrees with the nature of treatment he received, but such a disagreement does not establish a constitutional violation. See Norton v. Dimanzana, 122 F.3d 286, 292 (5th Cir. 1997); Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

### C.  Brown fails to state a claim against James LeBlanc and Warden McCain.

Brown alleges that James LeBlanc and Warden McCain are responsible for failing to train Defendants Easterling, Bonnette, and Duplechain. (Doc. 24-1, p. 10). In order to establish a constitutional claim based on a failure to train or supervise, a

3

plaintiff must allege and show: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Perniciaro v. Lea, 901 F.3d 241, 259 (5th Cir. 2018) (quoting Estate of Davis ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005)). "[M]ere proof that the injury could have been prevented if the officer had received better or additional training cannot, without more, support liability." Roberts v. City of Shreveport, 397 F.3d 287, 293 (5th Cir. 2005).

Brown fails to specify any deficiencies in the training of Defendants Easterling, Bonnette, and Duplechain, or how any particular training is defective. See id. Nor has Brown identified how the purported failure to train amounts to deliberate indifference. Brown's assertion that Defendants were improperly trained or supervised is conclusory and insufficient to support a finding of liability under § 1983. See Yates v. Unidentified Parties, 73 F. App'x 19, 20 (5th Cir. 2003), cert. denied, 540 U.S. 1123 (2004) (finding that the plaintiff's "vague and conclusional allegation" regarding an alleged failure to train or supervise was not sufficient to support liability).

D. **Brown's excessive force claim against Defendants Bonnette and Easterling may be barred by Heck v. Humphrey, 512 U.S. 477 (1994).**

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a § 1983 action seeking monetary damages related to that conviction cannot be raised until the conviction has been

4

reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. See Heck, 512 U.S. at 487.  For purposes of Heck, a "conviction" includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits.  See Edwards v. Balisok, 520 U.S. 641 (1997).

Brown does not know which conviction resulted in the loss of good time. Without the details of the disciplinary convictions, it is unknown whether an award of damages related to the alleged use of force would imply the invalidity of a disciplinary conviction for which Brown lost good time.  Therefore, the excessive force claims against Defendants Bonnette and Easterling will be served pursuant to a separate order.

### III.  Conclusion

Because Brown fails to state a claim against Defendants LeBlanc, McCain, and Duplechain, IT IS RECOMMENDED that the claims against these Defendants be DENIED and DISMISSED WITH PREJUDICE under §§ 1915 and 1915A.  An Order regarding service of process of the excessive force claims against Defendants Bonnette and Easterling will be issued separately.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy

thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 26th day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE