c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARVIS BROWN,<br>Plaintiff | CIVIL ACTION NO. 1:19-CV-00600 |
| VERSUS | |
| JAMES M. LEBLANC, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is an unopposed Motion for Summary Judgment (ECF No. 61) filed by Defendants Tyson Bonnette ("Bonnette") and Captain Easterling ("Easterling") (collectively, "Defendants"). Defendants seek dismissal of *pro se* Plaintiff Jarvis Brown's ("Brown's") claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). ECF No. 61 at 3.

Because there is no genuine issue of material fact that Brown's § 1983 excessive force claim is barred under *Heck*, Defendants' Motion for Summary Judgment (ECF No. 61) is GRANTED.

I.  **Background**

Brown filed a civil rights Complaint (ECF No. 1), as amended (ECF Nos. 13, 24), under 42 U.S.C. § 1983. Brown is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Brown alleges that he was subjected to excessive force while incarcerated at the Raymond Laborde Correctional Center ("RLCC"). The claims against Defendants James M. LeBlanc, W.S. McCain, and Eddie Duplechain

("Duplechain") were denied and dismissed with prejudice under 28 U.S.C. §§ 1915 and 1915A. ECF No. 33. Brown's claims against Bonnette and Easterling remain pending.

Brown alleges than "an incident arose" between himself and another offender whereby Brown threw feces on the offender while the offender was passing out juice. ECF No. 24-1 at 12. Easterling responded to the incident and ordered Brown to approach the tier bars to be restrained. *Id.* at 6. Brown did not comply because he was afraid that Easterling would use unnecessary or excessive force. *Id.* Brown alleges Easterling sprayed him with Mace, and then he complied. *Id.* Brown alleges that, after he was restrained, Bonnette sprayed him with Mace five or more times, and that Easterling watched. ECF No. 13 at 3.

Brown received disciplinary reports for defiance, aggravated disobedience, aggravated fighting, and unsanitary practices. ECF No. 24-1 at 6. Brown alleges that he lost good time as a result of a disciplinary conviction, but that he does not know which of the disciplinary convictions resulted in the loss of good time. *Id.* at 15.

Defendants answered, asserting various affirmative defenses. ECF No. 43. Defendants now seek summary judgment on the basis that Brown's claims are barred by *Heck*. ECF No. 61-2 at 1. In support, Defendants submit: (1) a Statement of Material Facts Not in Dispute (ECF No. 61-1); (2) DOC disciplinary reports (ECF Nos. 61-3, 61-5); (3) a Refusal to Accept Medical or Mental Health Care form (ECF No. 61-4); a Waiver of Appearance (ECF No. 61-6); and Time Computation & Jail Credits records (ECF No. 61-7). Brown did not file a response to the motion.

II. **Law and Analysis**

   A. **Standards governing summary judgment.**

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
> (4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

---

[1] Local rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

B. <u>Brown's § 1983 claims are barred by *Heck v. Humphrey.*</u>

Defendants argue Brown cannot maintain his action under § 1983, as such claims are barred by *Heck*. ECF No. 61-2 at 1. Defendants assert Brown was found guilty of aggravated disobedience and aggravated fighting at his disciplinary hearing for the August 13, 2018 incident that is the basis for this action. *Id.* In support of their motion, Defendants submit the following undisputed material facts:

On August 13, 2018, Brown was an inmate housed at RLCC when RLCC Corrections Officer Easterling observed Brown grab human feces and toilet paper out of the toilet and throw it at another inmate. After he threw feces and toilet paper, Brown was ordered by Easterling to come to his cell doors to be restrained and he refused stating," You can't do me a m_ _ _ _ _ f_ _ _ _ _ thing I know the system." Brown was again ordered to come to the bars to be restrained. He continued to refuse. Easterling identified a can of chemical spray and explained that if Brown continued to refuse to be restrained that the chemical agent would be used to bring him into compliance.

Brown was then given more orders to come to the bars to be restrained but continued to refuse by remaining at the rear of his cell. Easterling then administered the chemical agent into Brown's cell. Brown was given another direct verbal order to come to the cell bars to be restrained, to which he complied. Brown was restrained and evaluated by EMT Lt. Duplechain with no injuries. Brown refused medical

treatment. Brown was written upon Rule #5 (Aggravated Disobedience), #11 (Aggravated Fight), and #26 (Unsanitary Practice).

At a Disciplinary Hearing on the charges held on August 15, 2018, Brown was found guilty of violation of Rule #11 and sentenced to 30 days loss of good time, and he was found guilty of violation of Rule #5 and sentenced to an additional 30 days loss of good time. Brown did not appeal the Disciplinary Hearing results. *See* ECF Nos. 61-2 at 1-2, 61-2 at 2-3, 61-3, 61-4, 61-5, 61-6, 61-7.

Defendants assert there is no genuine issue of material fact that Brown was disciplined in connection with the incident that forms the basis of this suit and was sentenced to 30 days loss of good time as a result. ECF No. 61-2 at 3. Under the *Heck* doctrine, Defendants argue Brown is barred from seeking civil damages in connection with the August 13, 2018 incident which was the basis for the disciplinary charges. *Id.* Defendants also cite *Clarke v. Stalder*, 154 F.3d 186 (5th Cir. 1998) (en banc) where the United States Court of Appeal for the Fifth Circuit held that a "conviction" under *Heck* includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including loss of good time credits. *Id.* at 3.

In *Heck,* the Supreme Court stated:

[I]in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing

5

> that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 486–87.

Here, it is undisputed that Brown was convicted of aggravated disobedience, and aggravated fight for the August 13, 2018 incident and was sentenced to 30 days loss of good time for both charges. ECF Nos. 61-2 at 1-2, 61-2 at 2-3. It is also undisputed that Brown did not appeal the results and his conviction has not been invalidated. The conviction is thus final. Brown seeks damages for excessive force which, if proven, would "necessarily imply the invalidity of his conviction or sentence." *Heck* 512 U.S. at 487. Under the *Heck* doctrine, Brown's § 1983 claim is barred. *Id.*; *see also Edwards v. Balisok*, 520 U.S. 641 (applying *Heck* to prison disciplinary proceedings).

### III. Conclusion

Because there is no genuine issue of material fact that Brown's § 1983 claims are barred by *Heck*;

IT IS HEREBY ORDERED that Defendants' unopposed Motion for Summary Judgment (ECF No. 61) is GRANTED, and Brown's § 1983 claims against Defendants are DISMISSED WITH PREJUDICE.

SIGNED on Friday, July 23, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE